IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY DALE ALVERSON, #132431, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-558-RAH-CSC |
| | ) (WO) |
| SECURUS TECHNOLOGIES, | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Rodney Dale Alverson, an inmate proceeding pro se, initiated this 42 U.S.C. § 1983 action on August 30, 2024. (Doc. 1.) Alverson has moved for leave to proceed *in forma pauperis*. (Docs. 2 & 3.) Court records reflect that Alverson is a "three-striker" under 28 U.S.C. § 1915(g), and he failed to pay the requisite filing and administrative fees when he filed his complaint. Thus, the court recommends that this case be dismissed without prejudice.

**I. ALVERSON'S COMPLAINT**

The complaint alleges that in 2021, while incarcerated in Alabama prison, Alverson received a computer tablet from Defendants with the capability of accessing movies, games, and music and communicating with "friends, family members, and others including legal agencies." (Doc. 1 at 6–7.) Between 2021 and August 2024, Alverson experienced problems downloading to his computer tablet numerous movies and games he purchased from Defendants with funds from his inmate account. (*Id.*) He sought refunds for those

purchases and threatened legal action against Defendants. (*Id.* at 7–8.) According to Alverson, Defendants retaliated by deleting several functions of his computer tablet and blocking his ability to use the tablet to communicate with certain third parties including a legal agency. (*Id.*) Based on these allegations, Alverson believes Defendants violated his Sixth Amendment rights and denied him meaningful access to the courts. (*Id.* at 9.) He seeks monetary damages and equitable relief. (*Id*. at 5.)

## II.  DISCUSSION

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When a prisoner has three or more "strikes" under this rule and fails to pay the requisite filing fees when he files his complaint, the proper procedure is for the court to dismiss the complaint without prejudice. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). The three-striker cannot cure such failure by paying the filing fees after the complaint has been filed. *Id*.

Alverson, who has filed more than 15 cases in this court alone and countless more outside the Middle District, has accumulated at least three strikes under § 1915(g). Specifically, the following three actions were dismissed for Alverson's failure to state a claim on which relief may be granted: (1) *Alverson v. Jefferson Co., Ala.*, Case No. 2:08-cv-363-SLB-JEO (N.D. Ala. 2009); (2) *Alverson v. Microsoft Corp.*, Case No. 2:10-cv-

2696-LSC-JEO (N.D. Ala. 2010); (3) *Alverson v. Microsoft Corp.*, Case No. 2:11-cv-526-AKK-JEO (N.D. Ala. 2011). Alverson has since been informed of his three-striker status several times. *See, e.g.*, *Alverson v. The Internal Revenue Serv.*, Case No. 2:22-cv-349-WHA-JTA (M.D. Ala. 2022); *Alverson v. Securus Technologies*, Case No. 2:22- cv-602-WKW-JTA (M.D. Ala. 2022). Alverson's complaint does not indicate or allege that he is "under imminent danger of serious physical injury," as required to meet the imminent danger exception to applying § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999).

Because Alverson (1) accumulated at least three "strikes" under § 1915(g) before filing this action, (2) failed to pay the requisite filing and administrative fees upon initiation, and (3) does not allege that he is in imminent danger of serious physical injury, the court should deny his motion for leave to proceed *in forma pauperis* and dismiss this case without prejudice.

### III.  CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Alverson (Doc. 2) be DENIED.

2. This case be DISMISSED without prejudice for Alverson's failure to pay the full filing and administrative fees upon initiation

It is further ORDERED that by **September 18, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and

legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); see also *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of September, 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE